MAURICE FALK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100542. Promulgated February 25, 1941.

*Louis Caplan Esq.*, for the petitioner.
*J. Harrison Miller, Esq.*, for the respondent.

708

OPINION.

DISNEY: The principal question here presented to us is whether the petitioner suffered capital loss or ordinary loss. The deficiency was asserted on the former theory. The petitioner contends for the latter, on the ground that he made no capital investment, but merely took over property to save himself loss as guarantor of the mortgage and bond upon such property; and in the alternative he argues that

he is subrogated to the rights of the mortgagee and bondholder, to the extent he paid thereon, and therefore this loss was ordinary and not capital. The respondent points out that the petitioner had treated the property as a capital investment in previous tax years, and that if the loss was ordinary, it occurred only in 1933 when the guaranty was paid and the property was taken over.

Upon review of the facts here involved, we are impressed with the way the petitioner has throughout treated this matter; and we come to the conclusion that it is consistent only with the theory of capital investment on his part. Had he merely paid up the obligations accrued to 1933 by the Victors, he might well be truly in the position of being subrogated to the rights of the mortgagee and bondholder. But he went further, and took over the property, taking deeds reciting valuable consideration from both of the Victors and the corporation. It is true that he was not experienced in running a boys' camp, and that the property would have deteriorated if not operated. Yet, the petitioner had been placed in a position to profit by any increase in value of the property. For income tax purposes it was treated as his, for depreciation was allowed thereon. True, the record shows that as to the year 1934 he was allowed such depreciation without claim, but the same does not appear as to 1935, and petitioner appears in the position of having the benefit of a capital investment. Moreover, the figure $17,876.76 which the petitioner claims as a loss includes $1,425.11 which constituted no part of the obligation to the mortgagee and appears to be properly includable in loss only on the theory of investment in property. For the years 1934 and 1935 large net losses upon the operation of the property were allowed as deductions in the determination of petitioner's income tax. During the period of about two and one-half years after acquisition of the property petitioner made improvements to the property, including equipment in the sum of $13,934.29. This amount, in comparison with the obligation as guarantor, seems to be large and to indicate investment rather than mere desire to escape loss. Upon review of all of the facts we conclude that the petitioner was in the position of an investor in the property involved.

Petitioner argues, however, that he in effect abandoned the property in 1936, and that therefore the provisions of section 117, limiting loss, do not apply. This view can not be sustained, in our opinion, for the reason that the property was not abandoned, but sold, for a very substantial consideration—$1,000 plus the assumption of $37,500 liability, which was paid by the grantee. We find it impossible to call such a sale an abandonment of title.

We conclude and hold that the petitioner has not shown error in the deficiency as determined by the respondent.

*Decision will be entered for the respondent.*